

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

May 18, 2006

Mr. William H. Kuntz, Jr.
Executive Director
Texas Department of Licensing and Regulation
Post Office Box 12157
Austin, Texas 78711-2157

Opinion No. GA-0432

Re: Whether there is an irreconcilable conflict between portions of two bills enacted by the Seventy-ninth Legislature with regard to sterilization requirements for certain barbering and cosmetology services (RQ-0415-GA)

Dear Mr. Kuntz:

You ask whether there is an irreconcilable conflict between portions of Senate Bill 411 and House Bill 1304, both of which were enacted by the Seventy-ninth Legislature, and both of which provide sterilization requirements for certain barbering and cosmetology services.[1]

Before we examine the potentially conflicting provisions, we will provide some background. In Senate Bill 411, the Seventy-ninth Legislature abolished the State Board of Barber Examiners and the Texas Cosmetology Commission, effective January 1, 2006, and transferred their functions to the Texas Department of Licensing and Regulation (the "Department"). *See* Act of May 28, 2005, 79th Leg., R.S., ch. 798, § 6.01(a), 2005 Tex. Gen. Laws 2734, 2759. In doing so, the legislature specifically provided that "[a]ll rules of the State Board of Barber Examiners and the Texas Cosmetology Commission are continued in effect as rules of the Texas Commission of Licensing and Regulation until superseded by a rule of the Texas Commission of Licensing and Regulation." *Id.* § 6.01(b). Moreover, "a reference in another law or administrative rule to the State Board of Barber Examiners or the Texas Cosmetology Commission means the Texas Department of Licensing and Regulation." *Id.* § 6.01(c). Chapter 1603 of the Occupations Code, providing for the regulation of barbering and cosmetology, directs the Department to administer the provisions of chapter 1601 relating to barbers and chapter 1602 relating to cosmetologists. TEX. OCC. CODE ANN. § 1603.002 (Vernon Supp. 2005). The Commission of Licensing and Regulation (the "Commission") is responsible for adopting rules for the administration of chapters 1601 and 1602 and for the operations of the Department in regulating barbering and cosmetology. *Id.* § 1603.101.

Senate Bill 411 enacted section 1603.352 of the Occupations Code, which applies to both barbers and cosmetologists. That statute provides, in relevant part:

---

[1] *See* Letter from William H. Kuntz, Jr., Executive Director, Texas Department of Licensing and Regulation, to Honorable Greg Abbott, Attorney General of Texas (Nov. 8, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> (a)  A person who holds a license, certificate, or permit issued under this chapter, Chapter 1601, or Chapter 1602 and who performs a barbering service described by Section 1601.002(1)(E) or (F) or a cosmetology service described by Section 1602.002[a](10) or (11):
>
> > (1)  shall, before performing the service, disinfect and sterilize with an autoclave each nondisposable instrument used to perform the service;
>
> . . . .
>
> (b)  The owner or manager of a barber shop, barber school, beauty shop, specialty shop, or beauty culture school is responsible for providing an autoclave for use in the shop or school as required by Subsection (a).  An autoclave used as required by Subsection (a) must be:
>
> > (1)  registered and listed with the federal Food and Drug Administration; and
>
> > (2)  used  in  accordance  with  the  manufacturer's instructions.

*Id.* § 1603.352. The services described by section 1603.352 relate to treating nails, hands, and feet. Section 1601.002, adopted prior to the Seventy-ninth legislative session, defines "barbering," *inter alia*, to include

> (E)  treating a person's nails by:
>
> > (i)  cutting, trimming, polishing, tinting, coloring, cleansing, manicuring, or pedicuring; or
>
> > (ii)  attaching false nails;
>
> (F)  massaging, cleansing, treating, or beautifying a person's hands.

*Id.* § 1601.002(1)(E)–(F) (Vernon 2004).  Section 1602.002 defines "cosmetology," *inter alia*, as

> (10)  treating a person's nails by:
>
> > (A)  cutting, trimming, polishing, tinting, coloring, cleansing, or manicuring; or
>
> > (B)  attaching false nails; or

> (11)   massaging, cleansing, treating, or beautifying a person's hands or feet.

*Id.* § 1602.002(a)(10)–(11) (Vernon Supp. 2005).  Thus, Senate Bill 411, codified as section 1603.352, requires that a person performing a barbering or cosmetology service on the nails, hands, or feet "disinfect and sterilize *with an autoclave* each nondisposable instrument used to perform the service." *Id.* § 1603.352(a)(1) (emphasis added).  In addition, the statute directs that the owner of a shop or school that performs barbering and cosmetology services must provide for use in the shop or school an autoclave that is "registered and listed with the federal Food and Drug Administration" and "used in accordance with the manufacturer's instructions." *Id.* § 1603.352(b)(1)–(2).  The statute fails, however, to define the term "autoclave."

House Bill 1304, also enacted by the Seventy-ninth Legislature and effective January 1, 2006, added provisions to both chapter 1601 (barbering) and chapter 1602 (cosmetology) of the Occupations Code. *See* Act of May 18, 2005, 79th Leg., R.S., ch. 562, §§ 1–2, 2005 Tex. Gen. Laws 1495, 1495–96.  Section 1601.506 now provides, in relevant part:

> (e)   A person who holds a license, certificate, or permit issued under this chapter and who performs a barbering service described by Section 1601.002(1)(E) or (F):
>
> > (1)  shall, before performing the service, disinfect and sterilize with an autoclave or a dry heat, ultraviolet, or other board-approved sterilizer each nondisposable instrument used to perform the service;
>
> > . . . .
>
> (f)   The owner or manager of a barbershop, specialty shop, or barber school is responsible for providing an autoclave or a dry heat, ultraviolet, or other board-approved sterilizer for use in the shop or school as required by Subsection (e).  An autoclave or a dry heat, ultraviolet or other board-approved sterilizer used as required by Subsection (e) must be:
>
> > (1)  registered and listed with the federal Food and Drug Administration; and
>
> > (2)  used in accordance with the manufacturer's instructions.

TEX. OCC. CODE ANN. § 1601.506 (Vernon Supp. 2005).  Section 1602.408 also declares, in relevant part:

        (a)  A person who holds a license, certificate, or permit issued under this chapter and who performs a cosmetology service described by Section 1602.002[a](10) or (11):

           (1)  shall, before performing the service, disinfect and sterilize with an autoclave or a dry heat, ultraviolet, or other commission-approved sterilizer each nondisposable instrument used to perform the service;

        . . . .

        (b)  The owner or manager of a beauty shop, specialty shop, or beauty culture school is responsible for providing an autoclave or a dry heat, ultraviolet, or other commission-approved sterilizer for use in the shop or school as required by Subsection (a). An autoclave or a dry heat, ultraviolet, or other commission-approved sterilizer used as required by Subsection (a) must be:

           (1)  registered and listed with the federal Food and Drug Administration; and

           (2)  used in accordance with the manufacturer's instructions.

*Id.* § 1602.408. House Bill 1304 thus offers a choice in the sterilization of nondisposable instruments used by barbers and cosmetologists on nails, hands, and feet: either an autoclave "or a dry heat, ultraviolet, or other [board or commission] approved sterilizer." *See* Act of May 18, 2005, 79th Leg., R.S., ch. 562, §§ 1–2, 2005 Tex. Gen. Laws 1495, 1495–96. Furthermore, an owner or manager of a shop or school that performs barbering or cosmetology services is also offered a choice of providing either "an autoclave or a dry heat, ultraviolet, or other [board or commission]-approved sterilizer," so long as it is "registered and listed with the federal Food and Drug Administration" and "used in accordance with the manufacturer's instructions." *See id.* As is the case with Senate Bill 411, House Bill 1304 does not define the term "autoclave."

      A provision of the Code Construction Act states that "if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each." TEX. GOV'T CODE ANN. § 311.025(b) (Vernon 2005). Senate Bill 411 provides that nondisposable instruments shall be sterilized with an autoclave. House Bill 1304 also provides that nondisposable instruments shall be sterilized with an autoclave, but in addition, further provides that a dry heat, ultraviolet or other Commission-approved sterilizer can be used to perform the same service.[2] Dry heat,

---

[2] As we have previously noted, section 6.01(c) of Senate Bill 411 provides that a "reference in another law or administrative rule to the State Board of Barber Examiners or the Texas Cosmetology Commission means the Texas

(continued...)

ultraviolet, and various other kinds of sterilization have been recognized in some instances to constitute an "autoclave."[3] But the term "other . . . sterilizer" approved by the Commission is open-ended. As a result, we do not believe that the two bills can be harmonized in this regard and that they are in fact in irreconcilable conflict.

Another provision of the Code Construction Act provides that "if statutes enacted at the same or different sessions are irreconcilable, the statute latest in time prevails."[4] TEX. GOV'T CODE ANN. § 311.025(a) (Vernon 2005). House Bill 1304 was enrolled on May 18, 2005. *See* Act of May 18, 2005, 79th Leg., R.S., ch. 562, 2005 Tex. Gen. Laws 1495, 1496. Senate Bill 411 was enrolled on May 28, 2005. *See* Act of May 28, 2005, 79th Leg., R.S., ch. 798, 2005 Tex. Gen. Laws 2734, 2760. Thus, Senate Bill 411 prevails with the result that a barber or cosmetologist who treats nails, hands, or feet must sterilize nondisposable instruments with an autoclave that is registered and listed with the federal Food and Drug Administration and is used in accordance with the manufacturer's instructions. Likewise, the owner or manager of a shop or school that performs barbering and cosmetology services must provide for use in the shop or school an autoclave that is registered and listed with the federal Food and Drug Administration and used in accordance with the manufacturer's instructions.

---

[2](...continued)
Department of Licensing and Regulation." Act of May 28, 2005, 79th Leg., R.S., ch. 798, § 6.01(c), 2005 Tex. Gen. Laws 2734, 2759.

[3]*Dorland's Illustrated Medical Dictionary* defines autoclave as "[a]n apparatus for effecting sterilization by steam under pressure; it is fitted with a gauge that automatically regulates the pressure and therefore the degree of heat to which the contents are subjected." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 180 (30th ed. 2003). Likewise, an article in "GlobalSpec: The Engineering Search Engine," provides the following information:

> The majority of autoclaves function using some form of heat. . . . Both dry heat and steam heat autoclaves are available. . . . Steam autoclaves are far more common, using heated, vaporized water to kill pathogens. Dry heat autoclaves use dry heat to sterilize instruments. . . .
>
> Chemical sterilizers can be broken down into two major groups, cold sterilizers and gas autoclaves. . . .
>
> Cold sterilization autoclaves use a cold sterilization liquid to sterilize the contents . . . .
>
> Gas autoclaves, often called chemiclaves, use a vapor solution to sterilize its contents. . . .
>
> Ultraviolet autoclaves and sterilizers produce UV light exerting a lethal effect on unwanted disease causing organisms. . . .

*See* http://autoclaves.globalspec.com (last visited May 15, 2006).

[4]"[T]he date of enactment is the date on which the last legislative vote is taken on the bill enacting the statute." TEX. GOV'T CODE ANN. § 311.025(d) (Vernon 2005).

## S U M M A R Y

A barber or cosmetologist who treats nails, hands, or feet under chapter 1601 or chapter 1602 of the Occupations Code must sterilize nondisposable instruments with an autoclave. Likewise, the owner or manager of a barber or cosmetology shop or school must provide an autoclave for the sterilization of nondisposable instruments.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee